11-2893-ag
Rivera Pino  v. Holder
BIA
Hom, IJ
A097 531 133

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of May, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges*.

_____

SECUNDO VICTOR RIVERA PINO,
> *Petitioner*,

v.                                      11-2893-ag
                                        NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent*.

_____

FOR PETITIONER:      Joshua Bardavid, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney
                     General; Stephen J. Flynn, Assistant
                     Director; James A. Hurley, Attorney,
                     Office of Immigration Litigation,
                     United States Department of Justice,
                     Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Secundo Victor Rivera Pino ("Rivera"), a native and citizen of Ecuador, seeks review of a June 24, 2011, decision of the BIA affirming the March 25, 2009, decision of an Immigration Judge ("IJ"), which pretermitted his application for asylum as untimely and denied his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Secundo Victor Rivera Pino,* No. A097 531 133 (B.I.A. June 24, 2011), *aff'g* No. A097 531 133 (Immig. Ct. N.Y. City Mar. 25, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Rivera challenges the agency's denial of his application for withholding of removal by arguing that he

2

was persecuted in the past, and likely will be persecuted in the future, on account of his membership in a particular social group consisting of "police officers in Ecuador who arrested drug related criminals connected to a corrupt police force," as well as on account of his political opinion consisting of opposition to state corruption.

The government argues that Rivera did not exhaust his administrative remedies because the generic challenge in his brief to the BIA was insufficient to preserve his claim that he merited withholding of removal as a whistle-blower or as someone who reported official corruption.  While petitioners generally must raise to the BIA the specific issues they later raise in this Court, *see Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004), *Theodoropoulos v. INS*, 358 F.3d 162, 171 (2d Cir. 2004), Rivera sufficiently exhausted this argument because it is a subsidiary argument to his broader political asylum claim involving his fear of future persecution because of his former work as a police officer, *see Steevenez v. Gonzales,* 476 F.3d 114, 117-18 (2d Cir. 2007), *Gill v. INS*, 420 F.3d 82, 86 (2d Cir. 2005), and the BIA addressed the merits of this argument, *Waldron v. INS*, 17 F.3d 511, 515 n.7 (2d Cir 1994).

3

Nevertheless, the agency reasonably determined that Rivera did not establish his eligibility for withholding of removal.  Rivera argues that the cumulative impact of the harm he suffered in Ecuador rises to the level of persecution.  However, the agency considered his testimony regarding the anonymous phone calls he received from people he arrested for criminal offenses who threatened him and his family, as well as his testimony concerning the single beating he suffered, and reasonably concluded that the harm was insufficiently severe to rise to the level of past persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006); *see also Gui Ci Pan v. U.S. Atty. Gen.*, 449 F.3d 408, 412 (2d Cir. 2006); *Jian Qui Liu v. Holder*, 632 F.3d 820, 821-22 (2d Cir. 2011); *cf*. *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006).

Because Rivera did not establish past persecution, the agency correctly concluded that he is not entitled to a presumption of future persecution.  *See* 8 C.F.R. § 1208.13(b)(1).  Absent the presumption of future persecution, the agency reasonably concluded that Rivera failed to meet his burden of proof for withholding of removal, regardless of whether he established a nexus to a protected ground, because the evidence he provided to

4

establish a likelihood of future harm consisted of his own uncorroborated and undetailed testimony that his daughter had told him that people in the street in Ecuador had asked her about him.  This statement is speculative and inadequate to meet his burden of proof.  *Jian Xing Huang v. U.S. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (absent "solid support" in the record that his fear is objectively reasonable, a petitioner's claim is "speculative at best").  As Rivera did not produce sufficient evidence to establish either past persecution or a clear probability of future persecution in Ecuador, the agency did not err in denying his application for withholding of removal.  *See* 8 C.F.R. § 1208.16(b)(1); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5